HENRY W. THAULE, Respondent, *v.* MARGARET M. KREKELER, Impleaded, etc., Appellant.

In an action for malicious prosecution it is for the plaintiff to establish affirmatively the want of a reasonable and probable cause for the prosecution, and that it was instituted for malice.

Upon the trial of such an action it is for the court to determine, as a matter of law, assuming plaintiff's evidence to be true, whether plaintiff has established these propositions.

In such an action it appeared that the prosecution complained of was based upon an affidavit verified by defendant K., which alleged in substance that two deeds which conveyed to deponent property of the value of $6,000, and which were not recorded, were " feloniously taken, stolen and carried away from the possession of the deponent," as she had probable cause to suspect, and did suspect, by plaintiff; that he, at the time mentioned, told deponent that her deeds were not in order; that she went and got them, when plaintiff took them from her against her will and consent, put them into his pocket, refused to give them up and took them away by force. The facts so alleged as to plaintiff's obtaining and retaining the deeds, and that he subsequently and fraudulently conveyed the premises to another were proved on the trial. *Held*, that while the charge of larceny was made in the affidavit in technical terms, yet as the facts and circumstances on which it was based were stated, and as the evidence established the truth of these allegations of fact, whether the deeds were the subject of larceny, or whether the facts stated made out that crime or not, the action was not maintainable ; that the affiant was responsible for those statements, not for the legal conclusion drawn therefrom.

Plaintiff, as a witness in his own behalf, after stating the manner in which he obtained the deeds from K., and the fact that she afterward brought

a suit to set aside a subsequent conveyance of the premises made by him, was asked if he made an offer in court in that case in the presence of K. to convey the premises upon being paid the expense he had been put to; this was admitted under objection and exception, and plaintiff answered in the affirmative. *Held,* that the testimony was improperly received.

K., as a witness in her own behalf, was asked if plaintiff, about the time the charge was made by her, had deeded the property to another person; this was objected to and excluded. *Held,* error; that the evidence bore directly upon the motives of plaintiff in getting possession of the deeds, and the grounds which defendant had for the suspicions stated in her affidavit, and upon the existence of probable cause.

(Argued June 9, 1880; decided June 18, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was for malicious prosecution.

The complaint alleged in substance that defendants appeared before a police justice in the city of New York, and without probable cause, charged plaintiff with having stolen two deeds, one executed by him to Maria Stoddard conveying certain premises in the city of New York, the other executed by said Maria Stoddard conveying the same premises to defendant Krekeler, and procured the said police justice to issue a warrant whereon plaintiff was arrested and imprisoned. Also that the defendants appeared before the grand jury and falsely and maliciously and without probable cause charged plaintiff with the larceny of said deeds and procured the indictment upon which he was arraigned and gave bail; that he appeared as required by his recognizance, whereupon the district attorney, " after consulting and advising with the defendants," moved the court for, and obtaining leave, entered a *nolle prosequi.*

The material facts are set forth in the opinion.

*Peter Mitchell* for appellant. To maintain this action it was necessary for plaintiff to establish affirmatively that the prosecution was instituted both maliciously and without probable cause. (2 Greenl. Ev. [5th ed.], § 453; *Miller* v. *Milli-*

*gan,* 48 Barb. 36 ; *Vanderbilt* v. *Mathis,* 5 Duer, 304 ; *Forshay* v. *Ferguson,* 2 Denio, 617 ; *Besson* v. *Southard,* 10 N. Y. 236; *Heyne* v. *Blaer,* 62 id. 525 ; *Farmer* v. *Darling,* 4 Bur. 1791 ; *Stone* v. *Crocker,* 24 Pick. 81, 83 ; *Bell* v. *Graham,* 1 Nott & McC. 278 ; *Hall* v. *Suydam,* 6 Barb. 83 ; 1 Hill. on Torts, 416, 430 ; *French* v. *Smith,* 4 Vt. 363 ; *Baron* v. *Mason,* 31 id. 189.) The absence or presence of probable cause does not depend upon the fact of offense having been committed, or that the accused is innocent or guilty of such offense, but upon the prosecutor's belief or strong suspicion of the truth of the charge made by him, based upon reasonable grounds. (*Carl* v. *Ayers,* 53 N. Y. 17; *Bacon* v. *Towne,* 4 Cush. 238, 239 ; *Scanlon* v. *Townly,* 2 Hilt. 489 ; *McKown* v. *Hunter,* 39 N. Y. 625 ; *Fagan* v. *Knox,* 66 id. 526 ; *Harris* v. *Stark,* 3 B. Monr. 46 ; *Raulston* v. *Jackson,* 1 Sneed, 132 ; *Miller* v. *Milligan,* 18 Barb. 40 ; *Baldwin* v. *Weed,* 17 Wend. 224.) Although plaintiff, after taking the deeds, retained possession of them for a short time only, he was nevertheless guilty of the crime of larceny, if his intention was to deprive the defendant of her property by placing it beyond her reach. (3 Greenl. on Ev. [Redfield's ed.] 131, § 156 ; 1 Hale's. P. C. 533; 3 Inst. 69 ; 2 East's P. C. 557.) The discharge of the plaintiff from the indictment found against him, by the entry of the *nolle prosequi,* is not even *prima facie* evidence of the want of probable cause, in this case. (*Cloen* v. *Gerry,* 13 Gray, 201 ; 1 Hilliard on Torts, and cases there collected ; *Bell* v. *Pearcy,* 11 Ind. 233 ; *Krekeler* v. *Thaule,* 73 N. Y. 608.) Counsel fees expended by the plaintiff in prosecuting or defending his cause cannot be allowed as part of the damages. (*Good* v. *Mylin,* 8 Penn. St. 51; *Alexander* v. *Herr,* 11 id. 537; *Stopp* v. *Smith,* 71 id. 285 ; *Hicks* v. *Foster,* 13 Barb. 424; *Stewart* v. *Sonneborn,* 8 Otto, 187.)

*D. M. Porter* for respondent. As the defendant Krekeler knew that no crime had been committed, and as there was no ground for believing that it had been, her conduct was not only malicious but malignant, and there was no probable cause for

her criminal proceedings against the plaintiff. (*Fagan* v. *Knox*, 66 N. Y. 525; *Thompson* v. *Lumley*, 1 Ab. N. C. 254; *Weaver* v. *Townsend*, 14 Wend. 192; *Wanser* v. *Wyckoff*, 9 Hun, 178; *Murray* v. *Long*, 1 Wend. 140, 141.) The belief must be justified by circumstances and facts. (*Carl* v. *Ayers*, 53 N. Y. 14.) Malice need not be proven, but should be inferred from the coarseness and wickedness of the defendant's conduct. (*Wanser* v. *Wyckoff*, *supra*; *Hall* v. *Sudam*, 6 Barb. 83; *Murray* v. *Long*, *supra*.) This court has no jurisdiction to review the question of damages. (*Maher* v. *The Central Park N. and E. R. R. R. Co.*, 67 N. Y. 52; *Oldfield* v. *N. Y. & Harlem R. R. Co.*, 4 Kern. 310; *Cassin* v. *Delaney*, 38 N. Y. 178; *Arctic Fire Ins. Co.* v. *Austin*, 69 id. 470.) The damages are not excessive. (*Coleman* v. *Southwick*, 9 Johns. 45, 51; *Hewlett* v. *Cruchley*, 5 Taunt. 277, 280; *Hager* v. *Danforth*, 8 How. Pr. 435; *Tillotson* v. *Cheetham*, 2 Johns. 63, 74; *Bump* v. *Betts*, 23 Wend. 85; *Cole* v. *Berry*, 8 Cow. 213, * 214; *Blum* v. *Higgins*, 3 Abb. Pr. 104; *Scherpf* v. *Szadeczky*, id. 366, 375; *Leith* v. *Pope*, 2 W. Black. 1327; *Rychman* v. *Parkins*, 9 Wend. 470; *Fabrigas* v. *Mostyn*, 2 W. Black. 929; *Ash* v. *Ashton* [Gen. Term, 2d Dep.]; *Townsend* v. *Hughes*, 2 Mod. 150.)

DANFORTH, J. The prosecution of which the plaintiff complains was set on foot by the defendants Krekeler and Frost. It rested upon an affidavit drawn by Frost as attorney for Mrs. Krekeler, and verified by her. The part material to this case is in these words: "On the 17th day of April, 1871, at the house known as No. 9 Jay street, in the fifth ward of the city of New York, was feloniously taken, stolen and carried away from the possession of deponent, the following property, viz.," describing two deeds conveying real estate, the one executed by plaintiff to Maria Stoddard and the other from said grantee to the affiant. "That the property mentioned in the said two deeds and transferred to this deponent was of the value of eighteen thousand dollars, the property of this deponent, and that this deponent had a probable cause to suspect,

and does suspect, that the said property was feloniously taken, stolen and carried away by Henry W. Thaule."

"That at the time and place as aforesaid the said Henry W. Thaule came and told deponent that her deeds were not in order, meaning thereby that something about the acknowledgment was omitted, and deponent went and got said deeds, when the said Henry W. Thaule snatched or took them out of her hands, against her will and consent, and put them in his, Henry W. Thaule's, pocket, against her will and consent, when deponent demanded the said deeds from him, which he refused to give up, and told deponent that he woutd not give them up, when deponent tried to take them away from him, and he then and there resisted her with force and violence, and took them away against her will and consent, and before the two deeds were recorded."

It thus appears that while the charge of larceny is made in technical terms, the facts and circumstances on which it stands are stated, and if they are true, this action cannot be maintained. The affiant is responsible for those statements, but not for the legal conclusion drawn therefrom either by the police magistrate, or the district attorney or grand jury. (*Dennis v. Ryan*, 65 N. Y. 385.) Upon the trial of the issues in this action, the plaintiff's own evidence substantiated the affiant's statements. It was established by it, that the real estate described in those deeds was, so far as plaintiff was concerned, at all times the property of the defendant Krekeler; that, although at one time he held the title, it was for her benefit, and with an obligation on his part to convey it as she directed; that, before the event complained of, he had, by her direction, executed a deed thereof, and the grantee therein named had also executed a deed of the same property to Mrs. Krekeler; that these deeds were not recorded, and, as he claims, the one executed by him was not in fact acknowledged, although it purported to have been; that both deeds were in possession of Mrs. Krekeler, and under pretense of examining the deeds to see as to the apparent acknowledgment, he called upon her several times and stated that "the deeds were not in order."

She got them and, as he says, "handed them to me, and I put them in my coat pocket." They disputed, as he also says, "about those deeds affairs," and she said "you cannot take the deeds along;" "I told her, I will;" so I got up from the chair, and she locked the door; "well," I said, "I will not give you those deeds, not before some one else sees them." And we may infer the zeal of her resistance, by his statement, that she "fought" for them. He also says that he wanted the deeds submitted to Mr. Stemler — he was his attorney — and that, finally, the defendant, failing in her purpose to get the deeds, went with him to Stemler's office, where the deeds were left. This was April 17th, and afterward, but in the same month, he conveyed the property to Metta Heinecke, and says he did this "when Mrs. Krekeler came and told me she wanted the deeds back." Mrs. Krekeler was thereby compelled to institute a suit against this plaintiff, and Metta Heinecke and her grantee, to compel a reconveyance of the property from them to her. The evidence produced by the defendant shows more distinctly the violence used by the plaintiff in procuring the deeds; that, instead of going with him to Mr. Stemler's office, she pursued him there, vainly demanding her deeds, and not only Thaule, but his lawyer, refused to return them unless she would give a mortgage to Thaule on certain other property for $6,750 or $5,750. Stemler was not examined, and, upon uncontradicted evidence, I think, the facts and circumstances were truly stated in the affidavit, and if so, the action cannot be maintained. Whether the deeds were the subject of larceny, or whether the facts as stated made out that crime, Mrs. Krekeler did not determine.

2d. There is another view of this case, also fatal to the plaintiff's right of action, and it is warranted by the evidence produced by him upon the trial of this action, and before he rested. The defendant could not be legally called upon to go into a defense until the plaintiff had established, first, the want of a reasonable and probable cause for the complaint made by her ( *Williams* v. *Taylor*, 6 Bing. 183), and second, that it was instituted for malice. Upon both propositions he held the

affirmative, and as to the first was bound to give in evidence facts sufficient to satisfy a reasonable mind that his accuser had no ground for the proceeding, but a desire to injure him ( *Williams* v. *Taylor, supra*); and whether he had done so, was for the court to determine as matter of law, after assuming that the evidence was true. (*Stewart* v. *Sonneborn*, 98 U. S. 189; *Hailes* v. *Marks*, 7 H. & N. 56; *Masten* v. *Deyo*, 2 Wend. 424; *Besson* v. *Southard*, 10 N. Y. 236; *Sutton* v. *Johnstone*, 1 Term R. 493; *Turner* v. *Ambler*, 10 A. & E. [Q. B.] 252.) At the close of the plaintiff's case, a motion was made for a dismissal of the complaint, as to both defendants, upon the ground that a case against them had not been established. It was granted as to Frost, and should have been as to the other defendant. The evidence of the plaintiff, I have above referred to. It is not strengthened by any other evidence and it fails to bring the case within the rule above stated. That the property was Mrs. Krekeler's; that at the time named she had the title; that her deeds were not recorded, and so the record title in the plaintiff; that by violence he had obtained the deeds, and (the opinion of his lawyer concurring with his own) that one of them was not so acknowledged as to permit it to be recorded, he had fraudulently conveyed the property to another, were facts known to her when she made the complaint, and rendered her suspicion, as to the intent and character of the plaintiff's act in taking the deeds, reasonable and natural.

3d. There was also error in the conduct of the trial. The plaintiff, when under examination as a witness in his own behalf, before any evidence had been given by the defendant, and after stating the manner in which he obtained the deeds from Mrs. Krekeler, and the fact that she afterward brought a suit against him to set aside the conveyances which he had made subsequent thereto, was asked by his counsel, "and you made an offer there in court to convey it to them, if they would pay the expenses you had been put to, in the presence of Mrs. Krekeler, did you not?" And a like question as to a similar offer in Justice QUINN's court. Both questions were admitted

after objection by the defendant, and after exception by her to the ruling, the witness answered in the affirmative. I am unable to see any legitimate purpose for which that evidence was received. Upon the question of malice, or probable cause for the prosecution, it could have no bearing. If the deeds were taken by violence, and the property fraudulently conveyed, could the fact that thereafter, when brought into court to cancel the fraudulent conveyance, he offered to anticipate the judgment of the court by conveying it for a price to be paid, have any tendency to support the burden he had undertaken, of carrying to a successful termination, the issues presented by those questions? It might palliate, in the mind of an unthinking person, happening on the jury, the wrong he had committed, but could have no legal tendency to support a verdict.

4th. It was error, also, to exclude the question propounded by the defendant's counsel to Mrs. Krekeler: "Had Mr. Thaule deeded this property to any one else, about this time?" That is about the time the charge was made by her. In view of the facts already referred to, that the deed under which the defendant claimed had been executed by the plaintiff, but was still unrecorded, it was proper to show the manner in which he subsequently dealt with the property. It bore directly both upon his motive in getting possession of the deeds, and the grounds which Mrs. Krekeler had for the suspicions stated in her affidavit, and upon the existence of probable cause of action. These considerations require a reversal of the judgment.

It should also be noticed that the allegations in the complaint, that the indictment was dismissed after the complainant therein (the defendant here) had been heard, are not sustained by the evidence. She only heard of it after it was done. She then protested against it with bitter earnestness, desired the district attorney to procure a new one, and failing in that desire, sought his removal. She was, at least, in earnest, and full of faith that her complaint was well founded. Nevertheless, the district attorney may have acted wisely. But he consented to *nolle prosequi*, under the belief that by a decision at Special

Term, adverse to the plaintiff's claim to the property as against Thaule, the questions involved in the indictment had been in a civil suit disposed of. If they were the same questions, a subsequent reversal of the judgment of Special Term shows that the decision on which the district attorney relied was erroneous, and the reversal was put by the General Term on grounds which go far to sustain the defense in the present action. If there was not, in the discharge of the defendant from that indictment, a miscarriage of justice, and an escape of a guilty person, Mrs. Krekeler has, at least, been hardly dealt with. Concerning property conceded to be her own, she has been driven to many lawsuits which, however terminating, must have subjected her to large expense and annoyance. In that litigation, the substantial questions stand decided in her favor, yet we have now before us a judgment calling from her a large sum of money by way of compensation to her adversary, who, upon his own showing, sought to withhold from her that which was her own, and whose conduct raised in her well-grounded suspicions that a crime had been committed, of which the public prosecutor might take notice. It is a satisfaction to know that the rules of law require its reversal.

The judgment should be reversed, and a new trial granted.

All concur; Folger, Ch. J., concurring on ground of erroneous ruling on trial.

Judgment reversed.