Hardin, P. J.
Plaintiff, in her complaint, avers that the letter was exhibited by defendant publicly “to said B. J. Beach, Esq., and other members of the executive committee of an institution known as the Central New York Institution for Deaf Mutes, situated at Rome, N. Y., and also to divers other good and worthy citizens * * * and that by reason * * * the statements made by defendant as aforesaid, she was discharged from said employment on the 19th day of February, 1878, in writing, and that the ground of discharge, as stated by the executive committee of the institution aforesaid, was on account of said letter and contents which said defendant had charged her with sending as aforesaid.”
In her testimony she says: The 19th of February, 1878, I was notified to appear before this board; I went there because I understood I was sent for; I went to the office of the institute; “I found there Mr. Beach, Mr. Huntington, Mr. Bissell and Mr. Nelson; * * * Mr. Beach stepped forward and handed me a letter and said, Mr. Nelson says you sent this to his wife. ”
The letter and its contents were produced to the board— the executive committee.
Mr. Huntington testified that the report of Mr. Paine was before the committee.
There was no dispute in the evidence in regard to the reception of the envelope and letter or circular by the wife of the defendant, and that it was taken by the defendant and shown to Mr. Beach, and that he cautiously withheld his action until after the envelope and contents, together with the specimens of the plaintiff’s handwriting, were taken to Mr. Paine, a celebrated expert in handwriting and imitations and disguises thereof. After his report was obtained, in which he gave it as his opinion that the writing upon the envelope and the circular were put there by plaintiff, Mr. Beach acted.
Then the executive committee were called together and the plaintiff accused of being the party who sent the same to the defendant’s wife.
If the defendant believed the plaintiff was the party who sent the envelope and circular to his wife it was his duty, as well as his privilege, to lay the same before the executive committee of the institution of which he was principal, and in whose employ was the plaintiff.
The testimony showing the communication to Mr. Beach and his committee, of the facts relating to the reception of this envelope and circular, and that the plaintiff was the party supposed to be the one who sent it, enters into the plaintiff’s case and is not disputed,
Whether the communication, if made in good faith, was *213 privilgjed or not, was a question of law for the determination of the court. Ormsby v. Douglass, 37 N. Y., 483.
In the case last cited, it was held that when the communication is privileged the plaintiff cannot recover without showing a want of probable cause. The burden is upon the plaintiff:
When the utterance “ be one which makes the communication prima facie privileged, proof that it was false is not enough to create a presumption of malice. Fowles v. Bowen, 30 N. Y., 20; Ormsby v. Douglass, 37 id., 483.
Upon the first appeal (24 Hun, 398), it was said: “The case falls within the rule that a communication, made bona fide and without malice upon any subject-matter in reference to which the party communicating has a duty, is privileged if made to a party having a corresponding duty, although it contain criminatory matter, which without this privilege would be slanderous and actionable.
It was further said: “If the defendant believed, with good reason, that the letter was written and sent by her, it was his duty, as the principal of the institution, to communicate the matter to the official board, by whom the employees of the institution were hired and discharged.”
Smith; J.
When the case was here upon the second appeal (36 Hun, 149), it was also said, viz.: “Unless the defendant sent, or procured this communication to be sent, we think the defendant had probable cause for the accusation.”
The defendant, at the trial now in review, asked the court to “ say to the jury that unless it is established by the evidence that the defendant sent,. or procured to be sent, that envelope and its contents to 'Mrs. Nelson, the defendant had probable cause for the communication which he made to Mr. Beach and to the committee, and those communications were privileged.”
The court replied, viz.: “I think I will refuse that * * * and leave that to the jury.”
To that refusal an exception was taken. The defendant took an exception “to that part of the charge in which the court submits it to the jury to find that defendant made these charges without probable cause.”
“ The facts and circumstances upon which the accusation was made were before the court and uncontradicted and undisputed.” Indeed, as by the reference made in the early part of this opinion to the plaintiff’s complaint and evidence, many of them were put forward by herein support of her supposed cause of action.
Our attention is directed by the plaintiff to cases where evidence given by a party, or by his son or clerk, may be *214 doubted and its credibility left to a jury. 45 N. Y., 549; 70 N. Y., 177; 92 N. Y., 490. We think the facts ana circumstances in this case (assuming that the jury would have found that the defendant did not send, or procure to be sent the communication) were undisputed at the trial.
Therefore, the language of Hr. Justice Follett (36 Hun, 156), when he says “where the facts and circumstances on which an action is made, are undisputed, the .question of probable cause is a question of law for the court, ” is applicable and controlling upon us
The counsel for the respondent calls our attention to Cook v. Hill (3 Sand. Supr. Ct. R., 341).
In that case it was held that if the statements were untrue they were privileged, if the party making them made them in good faith, believing, or having probable cause to believe them to be true, and that the burden of proving the want of probable cause is upon the plaintiff.
When the plaintiff gave evidence tending to show that she did not send the communication to defendant’s wife, she had not made out a want of probable cause or express malice in the defendant.
"The court instructed the jury in its charge, viz: “It does seem to be necessary that you should find that the defendant sent or had something to do with it, in order to find him liable.” Later, when asked by the defendant to say that “unless it is established by the evidence that the defendant sent or procured to be sent that envelope and its contents to Mrs. Nelson, the defendant had probable cause-for the communication which he made to Mr. Beach and to the committee, and those communications were privileged.” The court refused, saying: “ I think I will refuse that, and leave that to the jury.”
The positions taken by the court at the different points may have confused the jury and misled them.
The request made by defendant, afforded the court an opportunity to say that the burden was upon the plaintiff to establish a want of probable cause, and that it had not been made out, if the jury found that defendant did not send or procure to be sent the envelope and its contents The report of Mr. Paine, and the comparison of plaintiff’s handwriting with the address upon the envelope, seem to have led prudent and cautious gentlemen, members of the executive board, to the conclusion that the plaintiff was responsible for the sending of the paper, and it is difficult upon the same facts to say that the defendant did not have probable cause to lay the matter before the executive board.
We should have been better satisfied with the course of the trial if the learned judge had said to the jury, as a matter *215 of law, that the defendant had probable cause, and that the communication was privileged, if they found he did not ■send or cause to be sent the matter, even though they found that the plaintiff did not send or cause the same to be sent.
We are of the opinion that the verdict ought not to stand. Thaule v. Krekeler, 81 N. Y., 434.
Judgment and order reversed upon the exceptions and a new trial ordered, with costs to abide the event.