All concur.

---

MILES W. OLMSTEAD, Appellant, *v.* ASA DOLEN, Respondent.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*False imprisonment. When arrest justified.*—Where the plaintiff obtained a horse and wagon from a boy in charge of defendant's livery stable, at an early hour in the morning, on the representation that he was a regular customer at the stable, which statement was untrue, and that he would return about nine o'clock that day ; but he did not give his name, the horse and wagon did not return, and the defendant procured a warrant for his arrest ; and the plaintiff attempted to escape, after he had notice that a warrant had been issued ; and when taken before the magistrate, he pleaded guilty, paid his fine and was discharged ; the facts justified the arrest, and an action for false imprisonment cannot be maintained.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial made on the minutes.

The defendant, in his answer, admits that he caused the arrest for the cause stated in the complaint and contends that the plaintiff was guilty of the offense. The jury have found in favor of the defendant. The finding is abundantly supported by the evidence. It appears from the evidence that on the 15th of April, 1888, the plaintiff and another man went to the livery-stable of the defendant to hire a horse and wagon. It was about three o'clock in the morning. The men waked up the boy in charge of the stable, and the

plaintiff got of him a horse and wagon on the statement that he would be back by nine or ten o'clock on that day. He further stated that he was a regular customer at the defendant's stables, and had hired buggies there before. The fact was not true. He had never hired horses at the stables before, and he did not give his name.

The boy let the plaintiff have the property solely on this false statement. The horse and wagon did not return as promised. Sunday, Monday and Tuesday passed without their return, and on Wednesday the defendant made a complaint.

The arrest was made under circumstances which justified the inference that the plaintiff was attempting to escape after he had noticed that the constable had a warrant for his arrest. When taken before the justice he pleaded guilty to the charge, and paid twenty dollars, and the charge was withdrawn. Whether or not the charge would have held good upon a trial, is of no importance. The facts proven justified the arrest. Thaule *v.* Krekeler, 81 N. Y. 428.

The return of the plaintiff with the property on the evening of Wednesday is a fact of no importance, as the warrant was then in the hands of the officer, and the case must be determined by the facts as they existed in the afternoon of Wednesday, when the warrant was issued.

The plaintiff's conduct subsequent to the return is not free from unfavorable inferences.

The judgment should be affirmed, with costs.

PRATT, J., concurs; DYKMAN, J., not sitting.