MARY ENGLISH, RESPONDENT, v. WILLIAM MAJOR, APPELLANT.

*Action for malicious prosecution — evidence of statements made to the defendant prior to the prosecution.*

Upon the trial of an action brought for the recovery of damages resulting from an alleged malicious prosecution of the plaintiff by the defendant, by whom the plaintiff was charged with having committed the offense of poisoning chickens, the defendant was called as a witness on his own behalf. He testified that he employed one McLaughlin to investigate the matter of the poisoning, by whom he was informed that he had found meal along the plaintiff's fence, and that he had had a conversation with the plaintiff Mrs. English. He was then asked, "what did he state was the conversation which he had had with Mrs. English." This question was objected to as hearsay and excluded.

*Held,* that the question was competent, as the communication was made to the defendant prior to the commencement of the prosecution, and tended to show the impression made upon his mind and the materials he had before him in forming an opinion, and properly bore upon the question as to whether the defendant had reasonable ground to believe that the plaintiff was guilty of the offense charged.

APPEAL by the defendant William Major from a judgment of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 2d day of June, 1890, after a trial at the Onondaga Circuit before the court and a jury, and from an order denying the defendant's motion for a new trial made upon the minutes of the court.

The action was brought for malicious prosecution. On the 26th day of July, 1889, upon the complaint of the defendant, charging

the plaintiff with the offense of poisoning animals, the plaintiff was arrested, taken before a magistrate, and on the 3d of September, 1889, was tried and acquitted, and thereupon this action was commenced.

*George Barrow*, for the appellant.

*M. E. & G. W. Driscoll*, for the respondent.

MERWIN, J.:

Upon the trial of this case the plaintiff gave evidence showing, in effect, that she was innocent of the charge made against her by the defendant. She then rested and defendant made a motion for a nonsuit, which was denied and exception taken. The plaintiff had not shown a want of probable cause and had not made a case for recovery. (*Thaule* v. *Krekeler*, 81 N. Y., 433.) The defendant, however, instead of relying on his exception, proceeded with evidence upon his part, and thereafter the plaintiff gave further evidence. So that at the close of the evidence a case was probably presented for the action of the jury within the rule laid down in *Heyne* v. *Blair* (62 N. Y., 19). The case was, however, a close one, and, in that view, some rulings upon evidence, about which the defendant complains, are to be more closely considered.

The plaintiff and defendant occupied adjoining village lots. The defendant kept chickens, and upon the evening of July 24, 1889, quite a number of them were found dead along the line between the parties. The charge against plaintiff was that she had thrown poison upon the ground adjacent to the line, with the intent to poison the chickens, and which they had, in fact, eaten. The defendant was called as a witness on his own behalf, and testified that he returned home that evening about six o'clock and found his wife crying. He was then asked to state what occurred that evening in reference to conversation with his wife and in reference to chickens. The conversation was objected to by the plaintiff as hearsay and incompetent and inadmissible, and was excluded and exception taken. The defendant further testified that the next morning he employed one McLoughlin to investigate the matter; that the latter did so and informed defendant that he found meal, or something of that kind along plaintiff's fence, and also told defendant that he had

a conversation with the plaintiff. The defendant was then asked the question : What did he state was the conversation which he had had with Mrs. English? This was objected to as hearsay and excluded, and exception taken.

In *Miller* v. *Milligan* (48 Barb., 30, 47) it is said that the real question is whether the defendant had reasonable ground to believe that the plaintiff was guilty of the charge, and this belief may be founded upon facts within the knowledge of the party or upon information derived from other persons. In 2 Addison on Torts (Dudley & Baylies' ed.), 766, it is said that in order to show good faith on the part of the defendant, it is competent for him to prove any communication that may have been made to him prior to the commission of the grievance, to show the impression made on his mind and the materials he had before him in forming an opinion. A like view was taken in *Bacon* v. *Towne* (4 Cush., 217, 240), and in *Lamb* v. *Gallund* (44 Cal., 609).

Both of the communications excluded very evidently related to the matter in controversy, and were made to the defendant before he commenced any proceedings against the plaintiff. The record shows that McLoughlin was afterwards called as a witness by the defendant and testified generally that he stated to defendant the conversation he had with the plaintiff. This did not cure the error, if it was one, in not permitting the defendant to state it, especially as the credibility of McLoughlin was attacked. The defendant had a right to give his own testimony on the subject.

We think the rulings above referred to were not correct, and that as the case stands they are of sufficient importance to call for a new trial.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.