ALBERT G. HOWE, Respondent, *v.* EDWARD M. OLDHAM, Appellant.

*Malicious prosecution—malice inferred — advice of counsel.*

On the trial of an action brought to recover damages for a malicious prosecution, malice on the part of the defendant is properly inferred from the facts that the defendant obstructed the plaintiff, a commissioner of highways, in his duties to the public; that when the plaintiff attempted to remove the obstruction the defendant threw him into a stream and subsequently struck him; that the defendant falsely asserted that the plaintiff committed an assault upon him and caused the plaintiff's arrest and trial, which resulted in an acquittal.

Advice of counsel cannot affect even the question of damages in an action for malicious prosecution, unless the advice was based on the facts truly stated to the counsel.

On the trial of an action for malicious prosecution, the defendant was asked, when testifying in his own behalf, whether he made the charge against the plaintiff of his own volition.

*Held,* that this raised no question of advice of counsel.

APPEAL by the defendant, Edward M. Oldham, from a judgment of the Supreme Court, entered in the office of the clerk of Orange county on the 23d day of November, 1892, upon a verdict in favor of the plaintiff, rendered at the Orange Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for a malicious prosecution.

The defendant was called as a witness in his own behalf, and after having stated that he went to a justice of the peace with his employer, a Mr. Harriman, and made a statement, on which the justice issued a warrant for the arrest of the plaintiff, the following question was put to him by his counsel: "Did you go there and make this information of your own volition?"

This question was objected to as improper and immaterial, and the objection was sustained.

*William D. Guthrie, Grant B. Taylor* and *George C. Austin,* for the appellant.

*William Dickey,* for the respondent.

BARNARD, P. J. :

The defendant procured the arrest of the plaintiff for an assault in the third degree committed by the plaintiff upon him. The plaintiff was acquitted. Upon the trial it appeared that the plaintiff was a commissioner of highways of the town of Woodbury. On the 23d of May, 1892, he was working upon a road claimed to be a public highway. The defendant for the purpose of obstructing the work, had drawn a wagon in the brook to prevent the building of a bridge over the brook. The defendant did this under a claim that the road was not a highway. The plaintiff put his hands on the wagon to draw it out of the way and the defendant committed an assault on him. Plaintiff made a complaint against defendant for the assault and battery on the 24th of May, 1892. Defendant was arrested thereon and on the 2d of June, 1892, pleaded guilty to the charge. The defendant made the complaint and procured the arrest of plaintiff, after his plea of guilty, on the 2d of June, 1892. The plaintiff gave evidence tending to show that he committed no assault upon defendant. The defendant gave evidence tending to show that an assault was committed on him. If there was no assault committed then a case is made out to go to a jury, and if the jury find no assault committed, then defendant has made a false charge and thereby caused plaintiff's arrest. The jury were told that if from the evidence the defendant as a reasonable man had probable cause for the complaint, the action failed. The jury were told that if the arrest of plaintiff was made without sufficient cause, they might infer malice, and in such case give damages for the injury. Under the finding of the jury the judgment should be affirmed. It is established by the verdict upon positive and clear proof that the defendant obstructed the plaintiff, a public officer, in his duties to the public. That when the plaintiff attempted to remove the obstruction the defendant threw him into the stream and subsequently struck him. That the defendant falsely asserted that the plaintiff committed an assault upon him and caused the plaintiff's arrest and trial. Assuming these facts, the malice of the defendant is easily and necessarily inferred. (*Heyne* v. *Blair*, 62 N. Y. 19; *English* v. *Major*, 36 N. Y. St. Repr. 69.)

The question whether the defendant made the charge " of his own volition " raised no question of advice of counsel. He had admitted

in his testimony that he made the complaint at the request of his employer and so far as that affected the question of damages, he had the evidence. The sole question presented to the jury was whether the complaint of defendant against plaintiff was false or not and no advice of counsel could affect even the question of damages unless the advice was based on the facts truly stated to the counsel.` The charge was not excepted to in respect to so far as it related to the assault. It is too late on appeal under the circumstances of this case to claim error. The jury were told what an assault was, but they were also told that defendant could act on appearances, which is all that appellant now urges for error.

The judgment should be affirmed, with costs.

PRATT, J., concurred.