### SIEFKE v. SIEFKE.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

MALICIOUS PROSECUTION—WANT OF PROBABLE CAUSE—QUESTION FOR JURY.

In an action for malicious prosecution of plaintiff for perjury in testifying, in an action to which defendant was a party, that P. had made a certain uncomplimentary statement as to defendant's character, the case should not be taken from the jury for failure of proof of want of probable cause, though plaintiff, before instituting the prosecution, on the advice of two attorneys,—one of them the assistant prosecuting at-

torney,—but against the advice of another attorney, had obtained from P. and four others, whose statements plaintiff had testified to, denials of having made such statements; it appearing that the prosecution was not commenced till three years after the giving of testimony; that plaintiff and defendant were cousins; that there had been ill feeling between them, which was intensified by litigation between them subsequent to the giving of the testimony, and before the prosecution; there being evidence of express malice on the part of defendant, and defendant having testified, so that the jury had an opportunity to form an opinion of him. Ingraham and O'Brien, JJ., dissenting.

Appeal from superior court of New York City, trial term.

Action by Herman Siefke, Jr., against Henry Siefke. From a judgment entered upon the dismissal of the complaint upon a trial before a jury, and from an order denying a motion for a new trial upon the minutes, plaintiff appeals. Reversed.

The action was brought to recover damages for alleged malicious prosecution. The ground of the direction of the verdict was that there was a failure of proof as to the want of probable cause. The burden of proof upon this issue was upon the plaintiff, and the question involved is whether, upon the whole case and the evidence of both parties, the jury would have been justified in drawing the inference, and finding the fact, that there was want of probable cause. The defendant also contends that there was a failure of proof as to the termination of the prosecution, and that the judgment, for this reason, should be sustained, although the trial court may have improperly taken the question of want of probable cause from the jury.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN and INGRAHAM, JJ.

William Allan, for appellant.
Brainard Tolles, for respondent.

WILLIAMS, J.   It is undoubtedly true that the judgment should be sustained, if the termination of the prosecution was an issue in the case, and there was a failure of proof on that issue, even though the trial court ordered the verdict solely on the ground of the failure of proof as to the want of probable cause.   In Marvin v. Insurance Co., 85 N. Y. 278, it was held that, although the court put its decision in granting a motion for a nonsuit solely upon a ground not tenable, yet, if there was another sufficient ground for granting the motion, of which the plaintiff was fairly and fully apprised at the time the motion was granted, the judgment should be sustained. In the case at bar the defendant made a failure of proof as to the termination of the prosecution one of his grounds of motion for the direction of a verdict, and this question was discussed and considered. We are therefore called upon to consider whether this was a sufficient ground for granting the motion.   The plaintiff insists that there was no such question involved in the case under the pleadings. Our attention is called to the sixth and seventh subdivision of the complaint.   The former was admitted by the answer; the latter was denied.   The answer contained no new or affirmative allegations with reference to this matter.   By the sixth subdivision of the complaint it was alleged that on the 23d day of May, 1893, at the Second district police court in the city of New York, an examination was had before the police justice, on the charge of perjury made

by the defendant; that both the plaintiff and defendant were present at, and took part in, the examination, and the police justice, at the conclusion thereof, adjudged the defendant therein not guilty of the said charge of perjury, and fully acquitted him of the same, and dis- charged him; and by the seventh subdivision it was alleged that since that time the defendant had not further prosecuted such complaint, but had abandoned the same, and that the complaint and charge made by defendant against plaintiff was wholly ended and terminated in favor of the plaintiff, as aforesaid.

It seems to us quite clear that the termination of the prosecution favorably to the plaintiff was sufficiently alleged in the sixth sub- division, and that the allegations in the seventh subdivision were en- tirely unnecessary. The complaint was a good one without the seventh subdivision. The allegations contained in the latter sub- division were merely conclusions of law, so far as the termination of the prosecution was concerned, and the allegation that the de- fendant thereafter abandoned the prosecution was entirely imma- terial. All the essential facts constituting a termination of the prosecution favorably to the plaintiff were alleged in the sixth sub- division, and, having been admitted in the answer, there was no issue as to this question to be tried or determined by the jury.

The claim now made by the defendant is that the police justice, at the time of the examination and the decision alleged in the sixth subdivision of the complaint, was without jurisdiction, and his action there was void, the matter having theretofore been passed upon by him, and the case having passed into the court of general sessions. No such allegations were contained in the answer, and, there having been no denial of the facts stated in the sixth subdivision, the ques- tion suggested could not be raised by a denial merely of the facts al- leged in the seventh subdivision. The only question before us on this appeal is, therefore, whether the verdict was properly ordered for failure of proof of want of probable cause. The want of probable cause was an issue upon which the plaintiff had the burden of proof. The two elements of probable cause, so far as we are interested in the question here, were an honest belief of guilt, and reasonable grounds for such belief. These two elements must have concurred, in order to have afforded justification. Farnam v. Feeley, 56 N. Y. 456. The burden was not, however, upon the defendant to establish such jus- tification. The burden was upon the plaintiff to show there was no justification, and therefore a want of probable cause. This distinc- tion must be kept in mind. It disposes of one contention made by the appellant,—that the defendant's belief was a question for the jury, and defendant's testimony that such belief existed did not avoid the necessity of submitting the question to the jury. If the defendant had had the burden of proof, then his testimony that such belief existed would not have been sufficient to take the case from the jury, because, being a party, his credibility was for the jury. They had a right to disbelieve his evidence, and to find the belief did not exist. But the discrediting of his evidence as to this question could have no other or greater effect than to blot his evi- dence from the case, and, in the absence of such evidence, the ques-

tion would still remain whether the plaintiff had established that he did not honestly believe in the plaintiff's guilt.

We come back, then, to the question whether, upon all the evidence in the case, on both sides, the jury would have been justified in drawing the inference, and finding the fact, either that the defendant did not believe the plaintiff guilty, or, if he did so believe, still that he had no reasonable grounds for such belief; and, in considering this question, the evidence of the defendant as to what his honest belief was should be disregarded, because the jury had a right to disbelieve him, and to pass upon the question, regardless of what he testified to upon the subject. The evidence relied upon by the plaintiff to establish the absence of belief by defendant of plaintiff's guilt, or, if he did so believe, then the absence of reasonable grounds therefor, was mainly circumstantial. These parties were cousins, and were not on friendly terms. This prosecution for perjury was commenced April 13, 1893, it being alleged the perjury was committed September 25, 1890 or 1891, in a proceeding between the Metropolitan Elevated Railroad Company and the defendant, and that the perjury consisted in the plaintiff's testifying that one Parke had said of defendant that he was a dirty, lying, perjuring, son of ——, etc. Between the time it was alleged the perjury was committed and the time the complaint was made, there had been several litigations between the parties, and the ill feeling between them had materially increased. The only direct information the defendant had received that the evidence given by the plaintiff was false was the statement of Parke that he never made, with reference to the defendant, the statement sworn to by the plaintiff. There was evidence as to one lawyer having advised defendant not to commence the prosecution, and another having advised him in favor of the prosecution, and evidence was given as to the statements to, and knowledge of, the two lawyers upon which such advice was given. There was evidence tending to show express malice in commencing the prosecution; indeed, express malice was practically conceded. The evidence as to all these things, and as to other matters not here referred to in detail, was more or less conflicting. It cannot be said in this case, and in this condition of evidence, that the facts were undisputed, and that, therefore, the question of want of probable cause was one for the court.

The real question here is whether, from all the evidence, circumstantial and otherwise, the jury would have been justified in drawing the inference, and finding affirmatively the fact, that the defendant did not honestly believe the plaintiff's guilt, or, if he did, that such belief was not based upon reasonable grounds. There was a very bad condition of feeling between the parties, and there was a long delay after the evidence was given, alleged to have constituted the perjury, before the prosecution therefor was begun. In the meantime other litigations had been had between the parties, in which the defendant had been more or less unsuccessful, and finally this prosecution was commenced. There was some considerable conflict in the evidence given. The defendant himself was a witness, and his somewhat extended examination was before the jury. The jury had an

opportunity to observe his demeanor, and to see what sort of a man he was. The question of the credibility of the witnesses, and especially of the defendant himself, was for the jury. The question whether the defendant really and honestly believed the plaintiff guilty, and what facts and circumstances were proved, and whether those established to the satisfaction of the jury were such as to induce in a reasonable mind the belief of guilt, were questions for the jury; and, in view of these suggestions, the question of want of probable cause could only be taken from the jury, and decided by the court, if, upon the condition of things developed in the evidence, and which could have been found by the jury most favorable to the plaintiff, the jury would not have been justified in finding the defendant really believed plaintiff guilty, or, if he did so believe, that there were no reasonable grounds for such belief. We do not think, in view of the province of the jury, and the right of a party to their verdict, rather than the decision of the court as to the facts, that this question was one that could be taken from the jury, and decided by the court. Whatever may be said as to the circumstances being fairly sufficient to induce a reasonable man to believe in guilt, the question still remained whether the defendant really and honestly believed plaintiff guilty, or whether his action was the result of his malice, ill feeling, and desire to injure the plaintiff. This was to be determined by the jury, upon a consideration of all the evidence, including defendant's knowledge and relationship to the plaintiff, and we cannot say the jury may not have been satisfied there was the absence of an honest belief in guilt, and, if so, that the evidence would not have sustained such verdict.

Our conclusion is that the complaint was improperly dismissed, and that the judgment and order appealed from should be reversed, and a new trial ordered, with costs of the appeal to appellant, to abide the event.

VAN BRUNT, P. J., and PATTERSON, J., concur.

INGRAHAM, J. (dissenting). I am unable to agree with Mr. Justice WILLIAMS, as I think that, upon the undisputed evidence, and assuming that every fact testified to by the plaintiff and his witnesses is true, not only does the plaintiff fail to show want of probable cause, but that the testimony is overwhelming that the defendant had probable cause to believe, and did actually believe, that the plaintiff was guilty of the crime with which he was charged. It is undisputed that the defendant had a litigation with the elevated railroad, and upon that litigation the plaintiff was called as a witness to testify as to the character of the defendant for truth and veracity. On cross-examination, when asked as to the persons from whom he had heard remarks to justify his statement as to defendant's character, he specified five individuals as those who had made statements as to defendant's character. It was for the testimony as to what one of such individuals said that the plaintiff was charged with perjury. After this testimony by the plaintiff was given, the defendant went to each of the five individuals, and was assured by

each of them that the story was false, and four of the five individuals testified under oath to the falsity of the plaintiff's statement. Upon cross-examination, at the time he gave his testimony, the plaintiff said that he would harm the defendant if he had a chance, and it appeared that, upon the summing up of the testimony before the commissioners, Mr. Allan, who was then counsel for the defendant, and who is now counsel for the plaintiff, stated to the commissioners that the plaintiff was guilty of perjury, and should be punished for it. The plaintiff was a relative of the defendant's, and, so far as appeared, was a volunteer witness before the commissioners, anxious to do the defendant an injury; and he having testified thus to communications received from five individuals about the defendant, where each of the five individuals denied the truth of his story, four of them backing such denial up by their oaths, it seems to me entirely clear that the defendant was fully justified in believing that the story which the plaintiff told was false, and that he had been guilty of the perjury charged. The law does not require a man to have in his possession all of the evidence necessary to convict a person of a crime before he makes a charge. If so, the rule as to probable cause would have no existence, for, if a person had competent legal evidence sufficient to convict before he made the charge, a conviction would always follow, and thus there could be no action for malicious prosecution. What is required is that the defendant should have probable cause to believe the plaintiff guilty, and that he did believe him guilty, and, unless it is shown that the defendant did not have such probable cause, the action will not lie. The defendant, thus having the sworn statement of four of the five individuals contradicting plaintiff's testimony, consulted Mr. Allan, who had stated before the commissioners that the plaintiff was guilty of perjury, as to whether or not he should prosecute the plaintiff; and, according to the testimony submitted by the plaintiff, Mr. Allan advised him that he had not probable cause to hold him guilty. The defendant subsequently went to Mr. Johnson, who had been an assistant district attorney in an adjoining county, and asked his advice. Mr. Johnson advised him that the plaintiff was guilty of perjury, and that the evidence was sufficient to convict him. Mr. Johnson then went with the defendant to submit the papers to Mr. McIntyre, one of the assistant district attorneys of this county, who, after considering the matter, at a second interview advised defendant to procure a warrant from a police magistrate. In pursuance of this advice from one of the principal prosecuting officers of the county, and Mr. Johnson, his legal adviser, the defendant made the affidavit which he did, and presented it to the magistrate. Now, that affidavit was introduced in evidence, and every fact stated therein is absolutely true, and conceded to be true by the plaintiff, and upon that affidavit the warrant for the arrest of the plaintiff was issued. If there is any obligation upon a person who actually believes, and has good reason to believe, that a crime has been committed, to inform the police officers and magistrates of the facts within his knowledge, certainly this defendant cannot be held liable for doing what he did. The fact that he thought it safer to follow the advice of Mr. Johnson and Mr.

McIntyre, one of the leading public prosecutors of this county, as to the guilt of the defendant, rather than the advice of Mr. Allan, whose advice was in conflict with his statement which he had made in summing up before the commissioners, is certainly no evidence to justify a finding that this defendant did not believe the plaintiff guilty; and upon these facts he most certainly had probable cause to believe him guilty.

The rule is well settled and conceded by Mr. Justice WILLIAMS that, upon the undisputed facts, and the version given by the plaintiff of the disputed facts, taken together, a question of law is presented to the court as to whether or not the defendant had probable cause for believing in the plaintiff's guilt, and whether he did actually believe him guilty; and that, unless it appears from such evidence that there was such a want of probable cause for belief in the plaintiff's guilt, the court is bound to direct a verdict for the defendant. I think that not only was there an absence of proof of want of probable cause in this case, but that the evidence clearly established that the defendant had probable cause to believe the plaintiff guilty of the offense with which he was charged, and that the complaint was rightfully dismissed.

The judgment should be affirmed, with costs.

O'BRIEN, J., concurs.