GOODMAN v. BEDRAS.

(City Court of New York, Trial Term. May, 1910.)

1. MALICIOUS PROSECUTION (§ 56*)—MALICE AND WANT OF PROBABLE CAUSE —BURDEN OF PROOF.

In an action for malicious prosecution, the burden of proof as to malice and want of probable cause is on the plaintiff.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116; Dec. Dig. § 56.*]

2. MALICIOUS PROSECUTION (§ 71*)—WANT OF PROBABLE CAUSE—PROVINCE OF COURT AND JURY.

In an action for malicious prosecution, the determination of the question of want of probable cause is for the court, unless the evidence is conflicting or involves the credibility of witnesses.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 160–167; Dec. Dig. § 71.*]

3. MALICIOUS PROSECUTION (§§ 20, 31*)—WANT OF PROBABLE CAUSE.

Where plaintiff entered defendant's store, and after engaging in an altercation with him angrily left the store, and immediately the plate glass window in the front of the store was smashed, the circumstance was such as to lead defendant to honestly believe that plaintiff had broken the glass out of revenge, and his act in causing plaintiff's arrest could not be said to be malicious, or to be without probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 26–29; Dec. Dig. §§ 20, 31.*]

4. MALICIOUS PROSECUTION (§§ 24, 33*)—MALICE AND WANT OF PROBABLE CAUSE—EFFECT OF ACQUITTAL.

The existence of malice and want of probable cause is not to be determined by the subsequent acquittal or discharge of the accused, but by the existence or nonexistence at the time of reasonable grounds of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused was guilty of the offense charged.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 50, 69; Dec. Dig. §§ 24, 33.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mamie Goodman against Kairo Bedras. There was a judgment for defendant, and plaintiff makes motion for a new trial. Motion denied.

Fried & Fried, for plaintiff.

Harold Spielberg, for defendant.

FINELITE, J. Plaintiff moves for a new trial on the ground that the question of fact should have been submitted to the jury for their deliberation. The plaintiff predicates her action for malicious prosecution and asserts by her proof that in the evening of the 9th day of July, 1909, she and a companion entered the place of business of defendant to purchase a pair of shoes; that after examining several pairs she selected a pair and paid the price therefor, and then requested straps over the top thereof be sewed thereon, and while defendant was sewing on the straps plaintiff's companion requested that plaintiff examine the shoes and see if they were mates. Plaintiff testified that she went to the rear of the store, where defendant was sewing on the straps, and on examining the shoes stated to defendant that they were not mates, and demanded either the return of the purchase price or another pair of shoes, which the defendant refused to do. Plaintiff thereupon called a police officer, to whom she made a complaint as aforesaid, whereupon she was advised to take the shoes, which she did after the police officer left the premises. After the shoes were handed to her by the defendant, she and her companion left the store, and at that moment a large plate glass window at the entrance of defendant's store was smashed and broken, creating a noise. Plaintiff and her companion were then about a short distance away from the store on the sidewalk, when the defendant charged her with the breaking of the glass, and demanded her arrest by the police officer, who arrived on the scene at that moment, he being the same officer to whom the plaintiff had formerly complained. Plaintiff was thereupon taken in charge by the officer and taken to the police station, and from there to the Jefferson Market Police Court, at the night session, where a complaint was entered against plaintiff by the defendant. After the magistrate presiding heard the complaint he discharged the plaintiff. These facts were corroborated by plaintiff's companion, and are in substance the proof adduced upon the trial of this action. After the plaintiff rested her case, defendant made a motion to dismiss the complaint upon the grounds that plaintiff failed to prove a cause of action, and thereupon the complaint was dismissed.

The proof lacked the requisite facts constituting an action for malicious prosecution. The plaintiff failed to prove by a fair preponderance of the evidence that, by the defendant lodging the complaint against her before the magistrate, she was accused by malice, and in addition that the lodging of said complaint, or the causing it to be lodged, was without probable cause. The plaintiff must prove both these facts; that is, that the prosecution before the magistrate was actuated by malice and that it was without probable cause, and a failure to prove either one is fatal to this action. The law is well settled that the burden is devolved upon the plaintiff to prove that the

arrest of the plaintiff by the officer and the complaint made against her by the defendant before the magistrate was prosecuted and was instituted against her through malice and without probable cause. The latter question becomes one of law for the determination of the court. When the facts are not in dispute, it is error to submit such question to the jury. Thaule v. Krekeler, 81 N. Y. 428; Burt v. Smith, 181 N. Y. 1, 5, 73 N. E. 495. But where the evidence upon the subject of probable cause is controverted and conflicting, or it involves the credibility of witnesses, then it becomes a mixed question of law and fact, and is required to be submitted to the jury, under proper instructions as to the law. Fagnan v. Knox, 66 N. Y. 525. In that case it was said by the court:

"The question what constitutes probable cause does not depend upon whether the offense had been committed in fact, nor whether the accused is guilty or innocent, but upon the prosecutor's belief, based upon reasonable grounds. The prosecutor may act upon appearances, and if the apparent facts are such that a discreet and prudent person would be led to the belief that the accused had committed a crime he will not be liable, although it may turn out that the accused was innocent. Carl v. Ayers, 53 N. Y. 17."

There is no dispute as to the facts in this case. The glass was broken at the moment plaintiff left the defendant's store. She and her companion were the only persons who left the store together at the moment the glass was broken. The plaintiff left in anger, and defendant was laboring under the honest belief that the plaintiff must have broken the glass out of revenge, and thereupon caused her arrest. Those facts do not tend to show that the defendant was actuated by malice or was proceeding without probable cause, but are such facts as a reasonable, prudent man might have acted upon under like circumstances as he did, as there was probable cause to believe that the plaintiff was the one who had committed the mischief, and it was sufficient if he had probable cause to believe in good faith that plaintiff was that person.

The responsibility for a false arrest is not determined by the subsequent discharge or acquittal of the accused, but by the existence or the nonexistence at the time of reasonable grounds of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in his belief that the person accused is guilty of the offense charged. Anderson v. How, 116 N. Y. 336, 22 N. E. 695. In Thauler v. Krekeler, supra, the court, writing at page 433, says:

"There is another view of this case, also fatal to the plaintiff's right of action, and it is warranted by the evidence produced by him upon the trial of this action and before he rested. The defendant could not be legally called upon to go into a defense until the plaintiff had established, first, the want of a reasonable and probable cause for the complaint made by her (Williams v. Taylor, 6 Bing. 183); and, second, that it was instituted for malice. Upon both propositions he held the affirmative, and as to the first was bound to give in evidence facts sufficient to satisfy a reasonable mind that his accuser had no ground for the proceeding but a desire to injure (Williams v. Taylor, supra), and whether he had done so was for the court to determine as matter of law after assuming that the evidence was true [citing cases]."

The evidence was therefore insufficient to be submitted to a jury for their deliberation on speculation. A question of law was raised

by the evidence, which the court determined, and dismissed the complaint, and hence we can see no reason in disturbing its ruling.

Motion for a new trial must therefore be denied.