### KASHARE v. ROBBINS.

(Supreme Court, Appellate Term. June 21, 1912.)

1. MALICIOUS PROSECUTION (§ 56*)—BURDEN OF PROOF.
    In an action for malicious prosecution, the burden is on plaintiff to show, not only that defendant acted wrongfully in initiating the proceeding, but also with malice and without probable cause.
    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116; Dec. Dig. § 56.*]

2. MALICIOUS PROSECUTION (§ 6*)—PRIOR PROCEEDING—NATURE—INVESTIGATION.
    Where defendant obtained a summons, authorized by Laws 1910, c. 659, § 82, for a judicial investigation as to whether plaintiff had committed larceny, such proceeding was not a prosecution; and, in the absence of a showing that the facts stated in the complaint were false, the fact that they were insufficient to make out a prima facie case of crime, or even that the complaint should be investigated, and therefore that plaintiff was discharged, was insufficient to form the basis of an action for malicious prosecution.
    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 6; Dec. Dig. § 6.*]
    Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Isadore Kashare against Jacob Robbins. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

135 N.Y.S.—66

Argued June term, 1912, before SEABURY, LEHMAN, and BI-JUR, JJ.

Morris I. Price, of New York City (John McG. Goodale, of counsel), for appellant.

Joseph Rosenzweig, of New York City, for respondent.

LEHMAN, J.   The plaintiff charges that the defendant, maliciously and without reasonable and probable cause, charged him with the crime of larceny before a magistrate, and applied to and procured from the magistrate a summons requiring the plaintiff to answer to that charge; that the defendant caused said summons to be issued and be served upon the plaintiff; and that, upon the appearance of the plaintiff, the magistrate discharged the plaintiff after hearing the testimony produced.   The record in this case is sufficient to show that the defendant, without probable cause, accused the plaintiff of the theft of $11; that he served upon the plaintiff a summons in the form provided by section 82 of chapter 659 of the Laws of 1910. This summons stated that:

"Complaint having been made by Jacob Robbins that you did commit the offense of larceny, you are hereby summoned to appear before me, or any city magistrate holding this court, at No. Franklin and Centre streets, on the 21st day of September, 1910, at 9 o'clock a. m., to the end that an investigation may be made of said complaint. And upon your failure to appear at the time and place mentioned you are liable to a fine of not exceeding $25."

At the hearing the magistrate discharged the plaintiff.   It is not disputed that the defendant applied to and procured from the magistrate this summons, but there is no evidence that defendant stated to the magistrate any untrue facts, or that he presented any false evidence upon the hearing.   In my opinion, this evidence is insufficient to sustain a judgment in favor of the plaintiff.

[1] It is the policy of the law that men must be left reasonably free to institute criminal prosecutions whenever they have tolerable grounds of suspicion, and they must not be held liable to respond in damages in all cases where they miscarry.   The action for malicious prosecution is not to be encouraged; but, on the contrary, it is very much guarded.   Wanser v. Wyckoff, 9 Hun, 178.   The burden of proof is upon the plaintiff to show that the defendant acted wrongfully in initiating the proceeding with malice and without probable cause. Until these facts are established by the plaintiff, the defendant cannot be legally called upon to go into his defense.   Thaule v. Krekeler, 81 N. Y. 428.   "The burden was not, however, upon the defendant to establish such justification.   The burden was upon the plaintiff to show there was no justification, and therefore a want of probable cause."   Siefke v. Siefke, 6 App. Div. 472, 39 N. Y. Supp. 601.

[2] In this case the judicial proceeding which was initiated against the plaintiff was merely an investigation.   To obtain a summons the defendant was not required to satisfy the magistrate that a crime was committed, but merely to satisfy him "that, in the public interest, he should inquire into and investigate the complaint so made."   If the

complaint contained any statements of facts which were false, and which were made without probable cause, maliciously, then the defendant might be liable for damages. If, however, the facts were true, even though they may be insufficient to make out a prima case of crime, or even that the complaint should be investigated, then this action cannot be maintained (Dennis v. Ryan, 65 N. Y. 385; 22 Am. Rep. 635); and this is true, even though the complaint contains a false conclusion that the plaintiff was guilty of larceny.

"The affiant is responsible for those statements, but not for the legal conclusions drawn therefrom, either by the police magistrate, or the district attorney, or grand jury." Thaule v. Krekeler, supra.

In a case where the judicial proceeding instigated was merely an investigation, we cannot presume that the defendant's complaint contained any statement of facts that were false and made without probable cause.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

BIJUR, J. (dissenting). I dissent. I do not appreciate the relevancy of the reference in the prevailing opinion to the fact that plaintiff did not prove that defendant's complaint (before the magistrate) contained any statement of facts that was false. Plaintiff made out a prima facie case by proof of the charge made by defendant and his own discharge by the magistrate after the hearing. If the defendant thereupon sought to relieve himself from liability by showing that he had told the magistrate no more than the truth and had concealed nothing from him (see Thaule v. Krekeler, 81 N. Y. 428; Rawson v. Leggett, 184 N. Y. 504, 508, 77 N. E. 662; Leigh v. Webb, 3 Espinasse, 185, 187), such proof must have come from the defendant. There is, however, no evidence at all as to what the defendant told the magistrate.

I think the judgment should be affirmed.