## SUPREME COURT.

### Edward R. Williams agt. John P. Garrett.

If a warrant is not valid on its face, the justice who issues, and the officer who executes it, are liable for assault and battery, and false imprisonment, at the suit of the party arrested.

In an action for false imprisonment, the plaintiff may recover the actual expenses incurred by him in procuring his discharge by writ of *habeas corpus*, where the warrant of arrest was void on its face.

That the warrant, under which the defendant acted in enforcing the Prohibitory Law, was no protection. That every officer acting under a law which shall prove to be unconstitutional, is responsible for his acts as if they were performed without color of law.

*Oneida Circuit, June,* 1856.

R. H. Morehouse, *for plaintiff.*
J. Benedict, *for defendant.*

Bacon, Justice. This was an action against the officer only for assault and battery, and false imprisonment, and for searching and seizing the plaintiff's liquors, and also for the expenses incurred by the plaintiff in obtaining his discharge from arrest by *habeas corpus.* After proof of the plaintiff's case—

It was admitted that the defendant was a constable of the town of Deerfield, Oneida county, and that two warrants were delivered to him by Archibald Blue, a magistrate of the town, issued in the usual form, on the 11th day of March, 1856, one of which directed him to arrest the plaintiff, for violating the

Prohibitory Law, and the other warrant commanded him to search and seize the plaintiff's liquors.

The defendant moved for a nonsuit on the ground,

1st. That the officer was protected by his warrant; that the action should have been brought against the magistrate, and not against the officer; that, under the law, a ministerial officer was protected by his warrant, and cited 21 *Wend.* 552; 24 *id.* 485; 5 *Hill*, 440.

2d. That there was no proof that the officer acted in bad faith or maliciously.

The motion was denied, and the justice charged that the warrants were no protection whatever, either to the officer or to the magistrate who issued them, and also charged that if a warrant is not valid on its face, the justice who issues, and the officer who executes it, are liable for assault and battery, and false imprisonment, at the suit of the party arrested—and the jury might award damages for plaintiff's actual expenses incurred in obtaining his discharge on the writ of *habeas corpus*, together with the actual value of the liquor seized and carried away by the defendant. But that the jury should not allow any vindictive damages or smart money, as there was no evidence that the defendant had been guilty of any bad faith in the proceedings against the plaintiff.

The jury assessed the damages at $50.