(43 Misc. Rep. 136.)

### PEOPLE v. WANZER et al.

(Supreme Court, Special Term, Kings County. March, 1904.)

1. LARCENY—OYSTERS AND CLAMS.

Where oysters or clams are planted under public water in a bed wherein they do not exist naturally, and the bed is set off or inclosed by stakes or otherwise sufficiently to show private possession, they are not a part of the realty, but chattels, and are subject to larceny.

Hearing on returns to writs of habeas corpus and certiorari, defendants having been held by a magistrate of the borough of Brooklyn for the grand jury on a charge of grand larceny for stealing a quantity of clams in Jamaica Bay, the same having been planted there by one Denton, the prosecutor. Writs dismissed.

Edmund C. Viemeister, for relator.

Robert H. Roy, opposed.

GAYNOR, J. Oysters or clams which are planted under public water in a bed where they do not exist naturally, and which is set off or enclosed by stakes, or otherwise, sufficiently to show private possession, are not a part of the realty, but chattels, and a subject of conversion and larceny. Fleet v. Hegeman, 14 Wend. 44; Decker v. Fisher, 4 Barb. 592; Brinckerhoff v. Starkins, 11 Barb. 248; Lowndes v. Dickerson, 34 Barb. 586; McCarty v. Holman, 22 Hun, 53; Sutter v. Van Derveer, 47 Hun, 366; Arnold v. Mundy, 6 N. J. Law, 1, 10 Am. Dec. 356; State v. Taylor, 27 N. J. Law, 117, 72 Am. Dec. 347. The recent case of Mott v. Underwood, 148 N. Y. 463, 42 N. E. 1048, 32 L. R. A. 270, 51 Am. St. Rep. 711, is pressed upon me as deciding that they are a part of the realty, and not chattels until taken up, and thereby overruling all of the foregoing decisions. It is true that the opinion in that case seems to so state. "Nor were the oysters taken severed from the freehold by the plaintiffs so that they became personal chattels," it says as one of the arguments on which the decision is arrived at. But nevertheless this statement must, it seems to me, be deemed inadvertent, for the law is settled to the contrary. It is not what is said in opinions, but what is actually decided by the court, and that alone, which binds. "The failure to read the opinions of courts with this fact in mind gives rise to much fruitless litigation," says the Court of Appeals; and that court has even warned trial judges in recent years not to follow expressions in opinions, out of the mistaken notion that obedience or respect requires them to do so. Colonial City T. Co. v. Kingston R. R. Co., 154 N. Y. 495, 48 N. E. 900; Crane v. Bennett, 177 N. Y. 106, 69

N. E. 274. No one can read these two cases and still harbor the notion, recently much grown among us, that judges of first instance must blindly accept as law everything and anything appeal judges may choose to write.

But even if such planted shell fish were a part of the realty at the time they were taken, section 537 of the Penal Code would seem to make the taking of them larceny.

The bed in which the prosecutor planted the clams which were taken by the defendants is staked out and marked, and there was evidence before the magistrate that it was not a natural bed. These essential facts were not established by the prosecution, but by the counsel for the defendants, ex industria. If the locus in quo is within the ancient patents to Amersfoort or the town of Flatlands, the state had no power to lease it, for it belonged to the town as proprietor, and the lease which the prosecutor has from the state would be void. The record before me is so imperfect that I am not able to obtain from it this fact. But it is not a decisive fact, for even if the town were the proprietor, shell fish planted without any lease whatever in the way I have already described in the town's waters in beds having no natural shell fish would still be the subject of larceny, as the above decisions show.

The writs are dismissed.