## McCARTHY v. WEIR.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

MALICIOUS PROSECUTION—INFERENCE OF MALICE—WANT OF PROBABLE CAUSE.
   In an action for malicious prosecution, malice is not implied as a matter of law from want of probable cause, though the jury may infer it.

   [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, §§ 67, 68.]

Appeal from Trial Term, Queens County.

Action by Thomas C. McCarthy against Levi C. Weir, as president of the Adams Express Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed and remanded.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Richard Reid Rogers (C. A. De Gersdorff, on the brief), for appellant. Frank Moss, for respondent.

JENKS, J. The action is for false imprisonment and malicious prosecution upon a criminal charge of grand larceny. At the close of the plaintiff's case, the court dismissed his cause of action for false imprisonment, but finally submitted that for malicious prosecution to the jury, who found for the plaintiff.

The learned trial court charged the jury: "The basis of an action of this kind is malice," and, after defining malice, it continued:

"The law says that where a prosecution such as this has been initiated by a citizen, and it terminates favorably to the person proceeded against, it may be presumed that the prosecuting citizen had not probable cause to believe that such defendant was guilty of the offense, and it will imply malice; so that the cause is ordinarily made out when there has been a termination of the criminal prosecution favorably to the defendant, the implication of malice arising as matter of law."

The learned court afterwards explained and qualified its charge relative to probable cause, but, although the charge as to malice was specifically presented to its attention, I cannot find that it receded from the instruction that the law implies malice from the want of probable cause. The defendant protected himself by his exceptions.

I think that the judgment must be reversed for this error, inasmuch as the jury virtually were instructed that, if it found want of probable cause, malice followed on its heel by implication of law. The law does not imply malice from a want of probable cause. It may be inferred therefrom by the jury. Vanderbilt v. Mathis, 5 Duer, 304; Wilder v. Holden, 24 Pick. (Mass.) 8; Stewart v. Sonneborn, 98 U. S.

193, 25 L. Ed. 116; Greenleaf on Evidence (15th Ed.) vol. 2, § 453, and authorities cited.   In Stewart v. Sonneborn, supra, the court (per Strong, J.) say:

"And the existence of malice is always a question exclusively for the jury. It must be found by them, or the action cannot be sustained.   Hence, it must always be submitted to them, to find whether it existed.   The court has no right to find it, nor to instruct the jury that they may return a verdict for the plaintiff without it.   Even the inference of malice from the want of probable cause is one which the jury alone can draw.   Wheeler v. Nesbitt et al., 24 How. (U. S.) 545, 16 L. Ed. 765; Newell v. Downs, 8 Blackf. (Ind.) 523; Johnson v. Chambers, 32 N. C. 287; Van Voorhees v. Leonard, 1 N. Y. Super. Ct. 148; Schofield v. Ferrers, 47 Pa. 194, 86 Am. Dec. 532."

The judgment and order are reversed, and a new trial granted, with costs to abide the event.   All concur.

