PEOPLE v. MORRISON et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. LARCENY—PROPERTY SUBJECT OF LARCENY—SHELL FISH PLANTED IN PUBLIC WATERS.

Shell fish planted under public waters, where they do not naturally grow, are the subject of larceny, where the person taking them had notice of their private ownership, which notice is usually given by inclosing the bed in which they are planted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Larceny, § 11.]

2. SAME—OWNERSHIP—LEASES OF BEDS.

Clams planted by one in a bed inclosed and marked as private property, and in which there was no natural growth of clams, are the subject of lar-

ceny, whether he had or had not leases to the bed from a municipality or from the state, rendering exceptions to oral evidence to prove the leases and to the exclusion of patents to show title to the waters immaterial.

Appeal from Court of Special Sessions of City of New York.

John Morrison and another were convicted of petit larceny, and they appeal. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Martin T. Manton (Geo. B. McCartie, Jr., on the brief), for appellants.

Peter P. Smith, for the People.

GAYNOR, J.  The defendants were convicted in the borough of Brooklyn in the Court of Special Sessions of petit larceny for stealing clams in that part of Jamaica Bay adjacent to that part of the said borough which was formerly the town of Flatlands. The prosecutor had planted clams in a bed to grow and mature, and he accused the defendants of stealing them. There was sufficient evidence for the trial court to find that no natural clams grew at that place.

The law is long settled that shell fish planted under public waters where they do not grow naturally, and where therefore they cannot lose their identity by becoming mixed with those local to the place, are the subject of conversion and larceny. But the person taking them must have notice of their private ownership to make such taking larceny. This notice is usually given by enclosing the bed in which they are planted by stakes or otherwise. People v. Wanzer, 43 Misc. Rep. 136, 88 N. Y. Supp. 281, and cases there collected; and see Vroom v. Tilly, 184 N. Y. 168, 77 N. E. 24. There was sufficient evidence for the trial court to find that the prosecutor's bed was so enclosed.

Chapter 734, p. 1652, of the Laws of 1868 authorized the supervisor and justice of the peace of the town of Flatlands to give exclusive leases in writing to inhabitants of the town for the planting of shell fish in the waters of Jamaica Bay mentioned above, except in natural beds, and that authority passed to the city of New York when the said town became a part of the said city. But the question of larceny did not depend on the existence of such a lease. Even though the prosecutor had no lease, it was unlawful to knowingly take his clams. Having once reclaimed them, he did not make them feræ naturæ again by planting them in a bed sufficiently enclosed to mark them as private property, and in which there was no natural growth of clams, as we have already seen. The oral testimony of the prosecutor that he had a written lease from the city, and also another from the state, was therefore irrelevant and harmless. It follows that the exception to allowing oral evidence to prove such leases instead of the lease being produced, presents only an immaterial error. The same is the case in respect of the exception to the exclusion of the colonial patents offered by the defendants to show that the title to the portion of the said bay already mentioned was in the said town. That was an immaterial fact. Whether title was in the state or in the town, the prosecutor's clams

were the subject of larceny. That the lease from the state was void for the reason that the state officials have no jurisdiction to grant the like (Denton v. Bennett, 102 App. Div. 454, 92 N. Y. Supp. 522), does not matter, as the question of larceny did not depend on a lease.

The judgment should be affirmed. All concur.

