(156 App. Div. 335.)

### FRANCISCO v. SCHMEELK.

(Supreme Court, Appellate Division, Second Department. April 30, 1913.)

1. LARCENY (§ 8*)—CLAMS—ELEMENTS OF OFFENSE.

   Clams planted in a bed under public waters are not the subject of larceny, unless the plot is marked out by stakes, so as to show that the clams are in the possession of a private owner.

   [Ed. Note.—For other cases, see Larceny, Cent. Dig. § 20; Dec. Dig. § 8.*]

2. MALICIOUS PROSECUTION (§ 24*)—PROBABLE CAUSE—MALICE.

   A judgment of conviction rendered by a superior court is conclusive evidence of probable cause in an action for malicious prosecution, notwithstanding the reversal of the judgment by an appellate court.

   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 49–55; Dec. Dig. § 24.*]

Appeal from Trial Term, Kings County.

Action by Warren Francisco against Henry W. Schmeelk, Jr. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and judgment directed for defendant.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and STAPLETON, JJ.

Sterling Pierson, of Brooklyn, for appellant.
Burt L. Rich, of New York City, for respondent.

STAPLETON, J. The plaintiff recovered judgment, entered upon a verdict of a jury, for damages for malicious prosecution. The

prosecution was for the larceny of clams, alleged in the criminal action to have been planted in a bed under the public waters of Jamaica Bay. The evidence upon the trial of this action established the facts:

. That clams do not grow naturally in the waters of that bay; that the defendant was a lessee, entitled to the exclusive right to plant clams in a circumscribed area of the lands under the waters of the bay; that he did plant clams, and that on the 11th day of March, 1906, the plaintiff here took some clams from that area and appropriated them to his own use; that the defendant arrested plaintiff and instituted a criminal action in the Court of Special Sessions of the City of New York, of the crime of petit larceny, and that the conviction was affirmed by the Appellate Division of the Supreme Court, and reversed by the Court of Appeals; that upon the new trial ordered by the Court of Appeals the Court of Special Sessions of the City of New York acquitted the defendant in the criminal action and the plaintiff here.

[1] There was no proof of actual malice, and the only evidence tending to prove want of probable cause, and of malice inferable from the nonexistence of probable cause, was evidence that the particular plot from which the plaintiff took the clams was not marked out by stakes, so as to show that the clams there planted were in the possession of a private owner. This element was essential to the crime. People v. Morrison, 194 N. Y. 175, 177, 86 N. E. 1120, 128 Am. St. Rep. 552.

[2] There was a sharp conflict of evidence on this point, which authorized the submission of the case to the jury, unless the determination of the Appellate Division (see People v. Morrison, 124 App. Div. 10, 108 N. Y. Supp. 262), afterwards reversed by the Court of Appeals (see People v. Morrison, supra), for an error in the admission of evidence, is conclusive proof of probable cause.

The facts as to those determinations in the criminal action were conceded upon the trial of this action. The proposition of law was not specifically presented to the trial court, and arises here only through the exception taken, at the close of the entire case, to the denial of a motion stated in the following words:

"I move to dismiss the complaint, upon the ground that the plaintiff has failed to show want of probable cause, and failed to show anything on which malice can be based; and, further, I ask that your honor direct a verdict upon this evidence for the defendant."

We think the motion to direct a verdict upon the evidence, in contemplation of the concession to which reference has been made, presents an interesting and important question for our determination. Burt v. Smith, 181 N. Y. 1, 73 N. E. 495, 2 Ann. Cas. 576, was an action brought to recover damages for malicious prosecution of a civil action. In the original action an order of the United States Circuit Court granting an injunction pendente lite was made. The order was subsequently reversed on appeal, and the complaint subsequently dismissed on the merits. It was held that the order was not conclusive evidence of probable cause in a later action for ma-

licious prosecution brought by the defendant in the original action against the plaintiff there; that it was simply prima facie evidence thereof, the burden resting upon the plaintiff to overcome its effect. The court said in that case:

"The learned trial judge granted a nonsuit upon the ground that the order allowing the injunction was conclusive evidence of probable cause. It has been held by the Supreme Court of the United States that a final judgment of a court of superior jurisdiction is conclusive evidence of probable cause, even if it is subsequently reversed on appeal, because public policy requires that judgments and decrees should 'be invested with that force and sanctity which shall be a shield and protection to all parties and persons in privity with them.' Crescent City Live Stock Co. v. Butchers' Union, 120 U. S. 141. [7 Sup. Ct. 472, 30 L. Ed. 614]. Some states have the same rule, and in Georgia it has been extended to an ex parte order granting an injunction and appointing a receiver pendente lite. Short & Co. v. Spragins, Buck & Co., 104 Ga. 628 [30 S. E. 810]; Spring v. Besors, 12 B. Mon. [Ky.] 551, 555; Griffis v. Sellars, 4 Dev. & Bat. [20 N. C.] 315; Whitney v. Peckham, 15 Mass. 243; Herman v. Brookerhoff, 8 Watts [Pa.] 240. We find no case in this state where the effect of a judgment of a court of superior jurisdiction in this regard has been passed upon, although it has been held that a judgment rendered by a justice of the peace and subsequently reversed upon appeal is not conclusive, but only prima facie evidence of probable cause. Burt v. Place, 4 Wend. 591; Nicholson v. Sternberg, 61 App. Div. 51 [70 N. Y. Supp. 212]. In Palmer v. Avery, 41 Barb. 290, the prevailing opinion went farther than the point decided, which was that the trial judge properly ruled that a judgment rendered by a justice of the peace, although reversed on appeal, is prima facie evidence of probable cause."

The precise question to be determined here was not decided in Burt v. Smith, supra, and perhaps not in Crescent Live Stock Co. v. Butchers' Union, supra, because there the court said:

"It is, perhaps, not material in this case to define the rule with precision, and to attempt to state with accuracy the precise effect to be given to a judgment or decree of the court as proof of probable cause under all circumstances, because in the present case the decree of the Circuit Court of the United States was adjudged to be entitled to no effect whatever as evidence in support of the defense of the plaintiff in error."

Nevertheless, in both cases the distinguished writers of the opinions, from whose views no dissent was noted, approve the principle announced in the cases collated by them in their opinions, some of which appear in the foregoing citation. That principle is that the judgment of a superior court, against the defendant in the action alleged to have been maliciously prosecuted, is conclusive evidence of probable cause in an action to recover damages for malicious prosecution, notwithstanding the reversal of that judgment by an appellate court. The principle is particularly applicable where the court, whose judgment is final in the facts, adjudicated the evidence of probable cause.

The defendant was entitled to a direction of a verdict in his favor, and the judgment must be reversed.

Judgment and order reversed, with costs, and judgment directed for the defendant. All concur.