## LINITZKY v. GORMAN.

(City Court of New York, Trial Term.　February 18, 1914.)

1. MALICIOUS PROSECUTION (§ 26*)—ELEMENTS—MALICE.

In order to maintain an action for malicious prosecution, plaintiff must show malice by defendant.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 59; Dec. Dig. § 26.*]

2. MALICIOUS PROSECUTION (§ 27*)—"MALICE."

"Malice," as an element of malicious prosecution, may consist of personal hatred or ill will, or any improper or sinister purpose, or reckless disregard of the rights of others which is inconsistent with good faith, but the mere existence of an ulterior purpose or of personal hostility does not necessarily show malice.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 60; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 5, pp. 4298–4304; vol. 8, pp. 7712, 7713.]

3. MALICIOUS PROSECUTION (§ 28*)—MALICE.

The "malice" necessary to maintain an action for malicious prosecution must be malice in fact, as distinguished from presumptive malice, though if the proceeding was instituted from improper or wrongful motive, it is not essential that actual ill will be shown.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 61; Dec. Dig. § 28.*]

4. MALICIOUS PROSECUTION (§ 29*)—MALICE—EVIDENCE.

Malice may be implied in an action for malicious prosecution, in that it may be inferred by the jury from circumstances, like any other fact, as by showing that defendant's conduct, considered as a whole, is inconsistent with proper motive.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 62; Dec. Dig. § 29.*]

5. MALICIOUS PROSECUTION (§ 15*)—WANT OF PROBABLE CAUSE.

Want of probable cause, as well as malice, is essential in order to maintain an action for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 18; Dec. Dig. § 15.*]

6. MALICIOUS PROSECUTION (§ 56*)—BURDEN OF PROOF—WANT OF PROBABLE CAUSE.

The burden is on plaintiff, in an action for malicious prosecution, to prove want of probable cause, as well as malice by defendant.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116; Dec. Dig. § 56.*]

7. MALICIOUS PROSECUTION (§ 32*)—WANT OF PROBABLE CAUSE—EVIDENCE—MALICE.

Proof of want of probable cause is not, as a matter of law, proof of malice in an action for malicious prosecution, though ordinarily malice may be inferred as a fact from proof of want of probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 67, 68; Dec. Dig. § 32.*]

8. MALICIOUS PROSECUTION (§ 71*)—JURY QUESTION—MALICE.

The existence of malice is exclusively a question for the jury in an action for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 160–167; Dec. Dig. § 71.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

9. MALICIOUS PROSECUTION (§ 24*)—FAVORABLE TERMINATION OF ACTION.

If a proceeding brought against defendant before a magistrate terminates in his favor, he may maintain an action for malicious prosecution, and the termination of a criminal proceeding in defendant's favor, though reversed by a higher tribunal, is ground for an action for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 49–55; Dec. Dig. § 24.*]

10. MALICIOUS PROSECUTION (§ 67*)—DAMAGES—ELEMENTS.

Plaintiff, in malicious prosecution, is entitled to adequate compensation for all the elements of the injury suffered, including loss of time, peril to life and liberty, injury to reputation, character, and health, mental suffering, general impairment of social and business standing, actual injury to property or credit, and decrease in earning capacity.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 155, 156; Dec. Dig. § 67.*]

11. MALICIOUS PROSECUTION (§ 66*)—DAMAGES—PROXIMATE CAUSE.

The damages recovered, in an action for malicious prosecution, must be the direct and proximate result of the former proceeding.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 154; Dec. Dig. § 66.*]

12. MALICIOUS PROSECUTION (§ 69*)—DAMAGES—INADEQUACY.

Plaintiff, while riding on a street car, was accused by defendant of trying to pick his pocket, though defendant only had 30 or 40 cents in his pocket at the time, and defendant had plaintiff arrested under a charge of "grand larceny," and plaintiff was taken five or six blocks through the streets by a policeman, placed in a patrol wagon, and taken to police headquarters some half mile away, where his finger prints were taken, from which place he was taken to the police court and placed in the jail about four hours, and was required to furnish bail and be examined, after which he was discharged. Held, that plaintiff was entitled to compensatory damages, so that a verdict of six cents was inadequate; all of the circumstances being recoverable elements of damage.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 158; Dec. Dig. § 69.*]

13. MALICIOUS PROSECUTION (§ 31*)—"MALICE."

Where defendant knew when he made a charge of grand larceny against plaintiff that such a crime had not been committed because defendant's pocket only contained 30 or 40 cents when plaintiff attempted to pick it according to defendant, the making of the complaint charging grand larceny of itself constituted "malice" by defendant.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 64–66; Dec. Dig. § 31.*]

14. NEW TRIAL (§ 81*)—FAILURE TO REQUEST INSTRUCTIONS.

Where plaintiff in a malicious prosecution did not request a charge that, under the uncontroverted evidence, he was entitled to substantial damages, the court cannot on motion, set aside a verdict for him for nominal damages, though he was entitled, as a matter of law, to substantial damages.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 131; Dec. Dig. § 81.*]

Action by Barnet Linitzky against John J. Gorman. On motion by plaintiff to set aside a verdict for nominal damages. Motion denied.

Abraham Mann, of New York City, for plaintiff.

D. W. Steele, Jr., of New York City (Joseph P. Shelby, of New York City, of counsel), for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FINELITE, J. This is a motion made by the plaintiff to set aside a verdict rendered by the jury in his favor for the sum of six cents damages. The motion is made by the plaintiff on the ground that the verdict is inadequate and the result of a compromise, that the damages awarded are clearly shown to be entirely too small to compensate him for his injury, and on the further ground that the jury in rendering their verdict wholly disregarded the law of damages as laid down by the court. The action was brought against the defendant to recover damages for malicious prosecution. Upon the trial the plaintiff proved that the defendant caused his arrest on a charge of attempted grand larceny. The uncontradicted proof of the defendant himself is that he had in the pocket which he accused the plaintiff of trying to pick only *30 or 40 cents*. The proof also showed that the defendant signed an affidavit before the magistrate at the police court, in which he accused the plaintiff of the crime of attempted grand larceny, on which charge the plaintiff was held by the magistrate in the sum of $1,500 bail, which was furnished by the plaintiff, and after which he was temporarily released until the day of examination; that on the day he was held by the magistrate his friends were unable to obtain bail for at least three or four hours; that during the meantime he was placed in a cell at the Tombs Prison with derelicts, and was obliged to remain there until he was released on bail; that an examination thereafter took place, at which the defendant reiterated that the plaintiff attempted to pick his pocket and deprive him of the contents thereof; that after examination of the defendant by the magistrate, as well as by the attorney who represented the plaintiff, it was stated that all said defendant had in his possession was the 30 or 40 cents before mentioned. The facts causing the plaintiff's arrest were as follows: The plaintiff and defendant were riding downtown in a subway train. The plaintiff was in the habit of chewing gum, and was sitting in the center seat of one of the cars; he removed the wrapper from a package of gum and placed his hand behind the back of the complainant, a partial partition separating them, with the intention of dropping the wrapper, and that at no time did the plaintiff's hand come in contact with the person or pocket of the complainant. The complainant swore before the magistrate that the plaintiff's hand did come in contact with his person, and that he grabbed his hand at the pocket of his coat; that he thereupon charged the plaintiff with attempting to rob him, which he denied; that when they reached the station at Fourteenth street the plaintiff was about to leave said car, but was detained by the complainant, who thereupon asked a guard to call a policeman and cause the plaintiff's arrest, which the guard refused to do; that the plaintiff was thereupon deprived of his liberty until he reached the station at the Brooklyn Bridge; that as they ascended from the subway to the street level a friend of the complainant approached, whereupon the complainant stated, "What do you think of this man trying to pick my pocket?"; that thereupon complainant's friend stated that he looked as though he was a bad one, and that he ought to cause his arrest; that the friend thereupon called a policeman, and after a statement by the complainant the plaintiff was placed under arrest and marched

through the public thoroughfares from the Brooklyn Bridge terminal on Park row, in the city of New York, down to the Oak Street Police Station, a distance of five or six blocks; that information was there demanded of him in reference to his pedigree, and that after his statement was made he was placed in a patrol wagon with the complainant, the friend of the complainant, and in the custody of the officer who arrested him; that he was taken to police headquarters, where he was subjected to the Bertillon system and his finger prints taken; that he was taken from there in the custody of said officer, and with the complainant and his friend to the Tombs Police Court, and after remaining there for a period of time, the magistrate on hearing the complainant caused the latter to make an affidavit charging the plaintiff with grand larceny, and that an examination was afterwards had, which resulted in the plaintiff's discharge. The question of the charge made by the complainant, and the humiliation suffered by the plaintiff before the magistrate, was sufficient for the jury to say was the act of the complainant done maliciously and without probable cause. This question was squarely submitted to the jury upon the law as laid down by the court, to which no exception was taken. The verdict of the jury in nominal damages as found by them, the plaintiff contends, was inadequate for the arrest and humiliation that he was compelled to suffer by reason of the acts of the defendant herein, and he therefore claims that the verdict should be set aside and a new trial granted.

[1] An essential element in a cause of action in malicious prosecution cannot be made out unless malice on the part of the responsible cause of the original proceeding, who is defendant in malicious prosecution, is affirmatively shown by plaintiff. To constitute malice there must be malus animus, denoting that the party who instituted the original proceeding was actuated by wrong motives. And it is held that no distinction exists in this respect between an action for instituting a civil suit and an action for instituting a criminal prosecution.

[2] The rule is well settled that malice may consist of any personal hatred or ill will, any improper or sinister purpose, or any reckless disregard of the rights of others which is inconsistent with good faith or the mere purpose to further the ends of justice. Indeed the broad rule that whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known to the party is in legal contemplation malicious, has been applied to actions for malicious prosecution. But an unlawful act is not necessarily a malicious act. The mere existence of an ulterior purpose or personal anger and hostility towards the person proceeded against is not always inconsistent with good faith in bringing the proceedings, and does not necessarily create liability therefor.

[3] Malice necessary to sustain an action for malicious prosecution may be expressed, actual, or, as it is frequently called, malice in fact, resulting in intentional wrong. Indeed, malice in fact, or actual or expressed malice, as distinguished from malice in law—such, for instance, as the law presumes in actions for libel or slander—is essential to the maintenance of an action for malicious prosecution; it is a fact to be found by the jury, and not a fact to be established by legal presumption. However, the term "legal malice" is sometimes used with

reference to actions for malicious prosecutions, not as being synonymous with malice in law, as referred to above, but to distinguish malice in its enlarged legal sense from malice in its more restricted popular sense, and in this sense it is said that legal malice is made out by showing that the proceeding was instituted from any improper or wrongful motive, and it is not essential that actual malevolence or corrupt design be shown. This enlarged conception of malice is, however, classified by other authorities as malice in fact.

[4] Moreover, malice may be implied in the sense that it may be inferred by the jury like any other fact from circumstances, and need not be proved by direct evidence. Thus it may be proved by defendant's conduct which, considered as a whole, is inconsistent with proper motives. So it is held that malice may be presumed, not only from the total absence of probable cause, but also from gross and culpable negligence in omitting to make suitable and reasonable inquiries. Thorp v. Carvalho, 14 Misc. Rep. 554, 36 N. Y. Supp. 1. On the other hand, it is held that while to accuse and prosecute a person for crime without probable cause is matter of such serious consequences that malice may be inferred therefrom, but not necessarily so; the rule is otherwise with reference to an ordinary act of negligence, and unless the injury complained of was intentional, or so reckless or wanton as to indicate bad faith, malice is not to be inferred therefrom. [5, 6] Malice and want of probable cause are both essential and distinct ingredients of a cause of action in malicious prosecution, and the burden is upon the plaintiff to allege and prove it. Schultz v. Greenwood Cemetery, 190 N. Y. 276, 278, 83 N. E. 41, and cases cited.

[7] It has been held that by proof of circumstances which establish want of probable cause a prima facie case of malice is made out, and that the burden of proof is on defendant to disprove it. But the more general opinion is that neither one is dependent on nor inferred from the other as a matter of law, and that from the circumstances establishing want of probable cause the jury may, and as a matter of fact ordinarily does, infer malice, but is nevertheless not necessarily required to draw inference. Owens v. New Rochelle Coal & Lumber Co., 38 App. Div. 53, 56, 55 N. Y. Supp. 913; Siefke v. Siefke, 6 App. Div. 472, 477, 478, 39 N. Y. Supp. 601; s. c., 36 App. Div. 632, 55 N. Y. Supp. 1148, affirmed 162 N. Y. 656, 57 N. E. 1124. [8] Malice is a question exclusively for the jury. Scott v. Dennett Co., 51 App. Div. at page 326, 64 N. Y. Supp. 1016; McCarthy v. Weir, 113 App. Div. 435, 99 N. Y. Supp. 372. [9] The proceeding before the magistrate, having terminated in favor of the plaintiff, gave the plaintiff a right to a cause of action (25 Cyc. p. 50; Rosenkranz v. Hass, 1 Misc. Rep. 229, 20 N. Y. Supp. 880), although the termination of a criminal proceeding in plaintiff's favor, reversed by a higher tribunal, is nevertheless ground for an action for malicious prosecution (Francisco v. Schmeelk, 156 App. Div. 335, 141 N. Y. Supp. 402, 404).

[10] The damages awarded to the plaintiff are, in the mind of the court, inadequate. The plaintiff, as injured, is entitled to adequate compensation covering all the elements of the particular injury. Such elements of damage include loss of time, peril to life and liberty, in-

jury to fame, reputation, character and health, mental suffering general impairment of social and mercantile standing, actual loss or injury to property, interest, and credit, decrease in earning capacity, and all losses sustained in business.

[11] Such damages must be direct, natural, and proximate results of the former suit. Add. Torts (7th Ed.) 230; Newell, Mal. Pros., § 492; Ball v. Harrigan, 19 N. Y. Supp. 913; Strang v. Whitehead, 12 Wend. 64; Thompson v. Lumley, 7 Daly, 74; Williams v. Garrett, 12 How. Prac. 456; Scott v. Dennett, 51 App. Div. 321;[1] Voltz v. Blackmar, 64 N. Y. 440; Craven v. Bloomingdale, 171 N. Y. 439, 64 N. E. 169; Thorp v. Carvalho, 14 Misc. Rep. 558, 36 N. Y. Supp. 1.

[12] From the elements stated damages flow. The plaintiff proved the restraint at the Fourteenth Street Station by the defendant herein; the arrest at the Brooklyn Bridge Station; his being taken through the public thoroughfares to the Oak Street Station, a matter of five or six blocks; that he was then placed in a patrol wagon and carried to police headquarters, a distance of half a mile, where his finger prints were taken; that he was taken from there to the Tombs Police Court, where he was placed in a cell for about four hours; that he was obliged to furnish bail and then attend an examination on the charge made against him—all of which are elements of damage (Rown v. Christopher & 10th St. R. R., 34 Hun, 472–475); and the jury by awarding a verdict of six cents did not find a sum sufficient to compensate the plaintiff for the humiliation and suffering that he endured.

[13] The plaintiff was entitled to at least compensatory damages for the suffering and humiliation as aforesaid, but the jury, believing that the plaintiff would be amply compensated by a verdict in his favor, found for him for six cents. The charge lodged against the plaintiff by the complainant was done maliciously and without probable cause. The complainant knew at the time the charge was being pressed against the plaintiff that all he had in his possession was 30 or 40 cents, and that no part of said money had been extracted from his pocket; that he had said sum in his pocket during the period of time that he was at the police station, at police headquarters and at the Police Court. He knew at the time that he was pressing the charge against the plaintiff for grand larceny that no such crime had been committed. Therefore it was malice in itself to make such a complaint. The magistrate, in justice to the parties herein, considered that the charge made against the plaintiff was false and untrue; that it was not substantiated by any evidence sufficient to enable him to hold the plaintiff, and he thereupon discharged him from custody. The defendant contends that he cannot be held liable for malicious prosecution, and fortifies himself with a decision by Lord Chief Justice Isaacs, reported in the Law Journal (London) December 13, 1913, and quoted on the editorial page (1580), of the New York Law Journal of December 30, 1913, wherein his lordship said:

"Actions for malicious prosecution and for false imprisonment, though somewhat analogous and sometimes confounded, are perfectly distinct, and a private prosecutor is often liable for the one cause of complaint when he is not

[1] 64 N. Y. Supp. 1016.

for the other.  The distinction between the two is sharply brought out in the recent case of Walters v. W. H. Smith & Son, in which the Lord Chief Justice delivered a considered judgment, his first, last week (December 3), after hearing arguments on the legal points involved.  The defendants—the well-known book selling agents—having suffered repeated losses from one of their book stalls, had given the plaintiff, who was an assistant at it, in charge for the theft of a particular book which was found to be missing, but had not in fact been stolen.  On the plaintiff bringing his action for damages for false imprisonment and malicious prosecution, the jury found: (1) That the defendants had taken no reasonable care to inform themselves of the true facts; (2) that they honestly believed that the defendant had stolen the book; (3) that they reasonably believed that the plaintiff had stolen moneys and stock other than the particular book; and (4) that they were not actuated by malice in instituting the proceedings.  The judge ruled that there was no absence of reasonable and probable cause for the prosecution, and on these findings the plaintiff failed upon the claim for malicious prosecution.  But the claim for false imprisonment remained, and it was urged for the plaintiff that, as it turned out that no felony had in fact been committed in respect of the particular book on which the charge was made, there was no defense to disclaim.  Now, the gist of an action for false imprisonment is that a trespass has been committed by one man against the person of another by arresting and detaining him without legal justification, and the defendants contended that all they need establish as legal justification for the imprisonment was: (a) That an actual felony or felonies had been committed; and (b) that they had reasonable and probable cause for suspecting the plaintiff of such felony or felonies.  In other words, it was argued that it was not essential to the defense to prove that the felony for which the plaintiff was arrested had in fact been committed.  That contention, the Lord Chief Justice, after an elaborate review of the authorities rejected, holding that it was contrary to the common law that a private person could justify his action in causing the arrest of another on suspicion, without being able to prove that a felony had actually been committed, and that the felony must be that for which the arrest was made.  This has, it is true, never been expressly decided before, but the classical authorities (Hawkins' Pleas of the Crown and Hale's Pleas of the Crown) show that this has always been the accepted view, viz., that to justify an arrest the private prosecutor must show that the very same crime for which he made the arrest was actually committed.  To hold otherwise now would, as Mr. Justice Byles said in one of the leading cases on the subject, be 'disturbing foundations,' and the Lord Chief Justice was conservative enough in a case involving the liberty of the subject not to find lawful excuse where the very basis had failed upon which any such defense must rest.  This first reserved judgment of his is a model of actual reasoning and will long be cited as a statement of the whole law on the subject.  *  *  *  The defendant now attempts to protect and shield himself behind the act of the magistrate, and claims it was not he that lodged the complaint against the plaintiff, but the magistrate himself; that by directing him to make an affidavit and swear to the same it was the magistrate's act and not an act of his own, and fortifies himself as stated in said editorial; and it seems to be good law that "it would seem proper in false imprisonment, as well as malicious prosecution, where a prosecuting witness merely states facts truthfully to a public prosecutor or a magistrate, to exonerate the witness for any action which the official bases upon the information conveyed to him, or for the legal form and complexion which the official on his own responsibility places upon the transaction complained of.  *  *  *"

In Nowak v. Waller, in the General Term of the New York Supreme Court, Second Department (56 Hun, 647, 10 N. Y. Supp. 199) it being held that:

"One who, without malice or bad faith, makes a statement before a magistrate of what he regards as constituting a criminal charge against plaintiff, but does not ask that a warrant issue, or take any part in its service, is not

liable to action for false imprisonment on the consequent arrest of plaintiff, though such arrest is not warranted by law or the facts of the case."

[14] But in the case at bar the defendant knew, or should have known, that the charge of grand larceny pressed against the plaintiff herein before the magistrate, when he had but *40 cents in his pocket,* which he charged that the plaintiff attempted to steal, was made with the intent to do wrong to the plaintiff. This in itself is sufficient to convince the court that it was maliciously intended and without want of probable cause. Therefore the essential elements in a case for malicious prosecution have been shown by the evidence, and the court would, without hesitancy, set aside the verdict of the jury for a nominal sum found, but unfortunately there is an objection which prevents the court from so doing, and that is that the plaintiff should have asked the court to charge that the uncontroverted evidence was that the damages that the plaintiff had sustained were substantial and not nominal, which the court would have done, and charged the jury that if they believed the facts in the case, and that the charge lodged against the plaintiff before the magistrate was done maliciously and without want of probable cause, they should have awarded the plaintiff substantial damages. But the plaintiff failing to request the court to charge, therefore the question of damages was left to the jury for their determination; the court is not without power to set aside the verdict or grant a new trial herein on the question of damages as found by the jury. Toomey v. D., L. & W. R. R., 4 Misc. Rep. p. 392, at page 395, 24 N. Y. Supp. 108; Field, Dam., § 687; 3 Suth. Dam., § 703. And as the court has said in the Toomey Case, taking an elderly man into custody and marching him through a crowded thoroughfare in charge of an officer, depriving him of his liberty, away from friends and facilities for bail, putting him on trial, causing fear and suspense, are acts sufficient to call for *substantial* rather than the mere *nominal damages* sometimes awarded for a mere technical trespass or wrongdoing.

For the failure to request the court to charge as above stated, the motion for a new trial must therefore be denied. Settle order on one day's notice.